IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

RAQUEL MEDINA-RAMPOLLA AND
JUAN GUALLINI,

    Plaintiffs,

    v.

BANCO POPULAR,

    Defendant.

CIV. NO. 21-1250 (SCC)

**OPINION AND ORDER**

Plaintiffs Raquel Medina-Rampolla and Juan Guallini have moved the Court to withdraw their adversary complaint from the U.S. Bankruptcy Court for the District of Puerto Rico. We deny their motion because it is untimely.

**I. BACKGROUND**

In 2017, the plaintiffs filed in the Bankruptcy Court a petition under Chapter 13 of the Bankruptcy Code.[1] 11 U.S.C. §§ 1301–30. Banco Popular de Puerto Rico ("BPPR") had

---

1. This Court automatically refers all Title 11 cases to the Bankruptcy Court. Resolution, *In re Bankruptcy Courts* (D.P.R. July 19, 1984), http://prd.uscourts.gov/sites/default/files/BankruptcyCases.pdf.

executed a mortgage with them, which was secured by their property. BPPR later foreclosed on the property and sought an additional $114,774.72 because the foreclosure's proceeds did not cover their debt. In February 2019, the plaintiffs filed an adversary complaint against BPPR, seeking avoidance or subordination of BPPR's $114,774.72 deficiency claim on the ground that BPPR had violated federal and Puerto Rico law through its predatory lending practices. Docket No. 1, pg. 1. Over the next two years, the parties engaged in motion practice and discovery. Then, in May 2021, the plaintiffs filed a complaint in this Court raising similar claims against BPPR. *See* Complaint, *Guallini-Indij v. Banco Popular P.R.*, No. 21-1219 (D.P.R. May 5, 2021). A few weeks later, they moved to withdraw their adversary complaint to this Court, Docket No. 1, pg. 338, hoping to combine it with the complaint that they had filed here, Motion for Consolidation, *Guallini-Indij v. Banco Popular P.R.*, No. 21-1219 (D.P.R. June 11, 2021).

## II. Analysis

District courts generally have original and exclusive jurisdiction over cases arising under Title 11 of the U.S. Code, *i.e.*, the Bankruptcy Code. *Stern v. Marshall*, 564 U.S. 462, 473 (2011) (quoting 28 U.S.C. § 1334(a)). But district courts may refer these cases to bankruptcy courts. *Id.* (citing § 157(a)). And they may withdraw cases from bankruptcy courts after they have been referred. *Id.* (citing § 157(d)).

There are two types of withdrawal: mandatory and permissive. Withdrawal is mandatory when resolving the case requires the district court to consider Title 11 and federal law "regulating organizations or activities affecting interstate commerce," and in other circumstances it is permitted "for cause shown." § 157(d). A motion for either type of withdrawal must be timely. *Id.* So we begin there.

*A. Timeliness*

A motion to withdraw must be timely, *id.*, and the movant bears the burden of showing that it is, *Eide v. Haas*, 343 B.R.

208, 213 (N.D. Iowa 2006). For mandatory withdrawal, a motion "must be made as soon as it is apparent that it is necessary for a district court to hear the proceeding," whereas for permissive withdrawal the motion "must be made at the first reasonable opportunity." 9 Collier on Bankruptcy § 5011.1(2) (16th ed. 2021).

Under both standards, the plaintiffs' motion is untimely. First, the grounds that they assert for mandatory withdrawal were apparent when they filed their adversary complaint in February 2019—over two years before they filed their motion for withdrawal in May 2021. The plaintiffs argue that they are entitled to mandatory withdrawal because their adversary complaint asserts claims under non-bankruptcy statutes affecting interstate commerce. Docket No. 1, pg. 342. But if asserting claims under these statutes entitles them to mandatory withdrawal, then it was apparent on the face of their adversary complaint that it needed to be heard by a district court. *See Laine v. Gross*, 128 B.R. 588, 589 (D. Me. 1991)

(stating that where the grounds for withdrawal concern allegations under laws affecting interstate commerce, "the filing of the complaint is the point from which timeliness of the motion should be assessed" and holding untimely a motion filed six months after the complaint was served); *see also In re Giorgio*, 50 Bankr. 327, 329 (D.R.I. 1985) (Selya, J.) (holding untimely a motion for mandatory withdrawal filed over half a year after § 157(d) became effective because, at that point, it was "conspicuous on the face of pleading" that it could be withdrawn). Because the plaintiffs filed their motion to withdraw their adversary complaint over two years after they had filed it, their motion is untimely. *Cf. Burger King Corp. v. B-K of Kan., Inc.*, 64 B.R. 728, 730 (D. Kan. 1986) ("Ten months is at the outer limit of time that this court will permit for filing such a motion [for withdrawal], especially considering that the debtors base the motion upon their own counterclaims.").

Second, the plaintiffs' motion for permissive withdrawal is also untimely. To be sure, they filed it less than a month after they "bec[ame] aware" that a recent inheritance would allow them to pay off their bankruptcy plan, which, they argue, rendered their adversary complaint "overwhelmed by the required evaluation of non-bankruptcy law." Docket No. 1, pgs. 340, 346. But the plaintiffs' adversary complaint has changed only insofar as their request for avoidance or subordination of BPPR's deficiency claim may have become moot upon their fulfilling their bankruptcy plan. Avoidance or subordination, however, is only one type of relief that their adversary complaint requests.

In their adversary complaint, the plaintiffs bring claims under the Real Estate Settlement Procedures Act ("RESPA"), RESPA Regulation X, the Truth in Lending Act, the loss mitigation procedures set forth in 12 C.F.R. § 1024, and Puerto Rico tort and contract law. *Id.* at 1–2, 9, 11, 12. So, from the moment they filed their adversary complaint, it has been as

clear as it is now that it is "overwhelmed" by non-bankruptcy law. The fact that one form of relief that they requested may now be moot does not restart their withdrawal clock because it does not materially affect the nature of their claims: Their causes of action remain the same, and they say in their adversary complaint that, as an alternative to avoidance or subordination, they wish to recover BPPR's $114,774.72 deficiency claim as damages. *See id.* at 14 ("Such actions by . . . BPPR caused Plaintiffs actual damages in no less than $114,774.72, the same amount that BPPR attempted to collect as a 'deficiency' . . . ."); *id.* at 15 (seeking avoidance or subordination of BPPR's $114,774.72 deficiency claim or, as alternative relief, damages in this amount).

The ground on which the plaintiffs now seek withdrawal (*i.e.*, their adversary complaint is "overwhelmed" by non-bankruptcy law) has not meaningfully changed since they filed their adversary complaint over two years ago. The plaintiffs, therefore, have failed to seek withdrawal "as soon

as practicable." *Eide*, 343 B.R. at 213 (judging timeliness, in a motion to permissively withdraw a third-party complaint, from the moment the movant received notice of this complaint against him and holding untimely a motion filed five months later); *see also United States v. Kaplan*, 146 B.R. 500, 503 (D. Mass. 1992) ("[A] party has a plain duty to act diligently—or else, to forever hold his peace." (quoting *Giorgio*, 50 Bankr. at 329)). We, thus, deny their motion to withdraw as untimely. And because it is untimely, we see no need to reach its merits.

B. *Right to a Trial by Jury*

In their reply, the plaintiffs perfunctorily argue that withdrawal is warranted because they have a "fundamental right to a jury trial in the District Court." Docket No. 5-2, pgs. 4–5. We disregard this argument for two reasons. First, the plaintiffs do not develop it. *See Higgins v. New Balance Ath. Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) ("The district court is free to disregard arguments that are not adequately

developed."). And second, if they have a right to a trial by jury that has not been waived, a request for withdrawal based on it is premature. Where, as here, the bankruptcy judge has overseen years of pre-trial motion practice and discovery, "it serves the interests of judicial economy and efficiency to keep an action in Bankruptcy Court for the resolution of pre-trial, managerial matters, even if the action will ultimately be transferred to a district court for trial." *See Off. Comm. of Unsecured Creditors of Enron Corp. v. Lay*, 295 B.R. 21, 28 (S.D.N.Y. 2003). If the plaintiffs are entitled to a jury trial in district court after all pretrial proceedings before the bankruptcy judge have concluded, they may again seek withdrawal. *See In re Adelphi Inst., Inc.*, 12 B.R. 534, 538 (S.D.N.Y. 1990) ("The appropriateness of removal of the case to a district court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination if and when the case becomes trial-ready.").

### III. CONCLUSION

In sum, the Court **DENIES without prejudice** the plaintiffs' motion for withdrawal.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of January 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE